AO 91 (Rev. 11/11) Criminal Complaint

| | | |
|---|---|---|
| AUSA: Rawsthorne | | Telephone: (810) 766-5177 |
| Special Agent: Thompson-FBI | | Telephone: (810) 239-5775 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Ericka Leigh Stadnick

Case No. 
Case: 2:25-mj-30647
Assigned To : Unassigned
Assign. Date : 10/17/2025
Description: CMP USA V. STADNICK (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __3/31/2024__ in the county of __Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a); | Sexual exploitation of a minor; |
| 18 U.S.C. §§ 2252A(a)(2) & 2252A(a)(5) | Distribution and possession of child pornography |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Speical Agent Justin Thompson, FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: October 17, 2025

City and state: Detroit, Michigan

_____
Judge's signature

Kimberly Altman, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A CRIMINAL COMPLAINT
# AND ARREST WARRANT

I, Justin M. Thompson, a Special Agent with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice (DOJ). I have been so employed since March 2024. I am currently assigned to the FBI's Detroit Division, Flint Resident Agency (FLRA) as a member of the Northeast Michigan Trafficking and Exploitation Crimes Task Force (NEMTEC) which is a Federal Bureau of Investigation (FBI) managed task force. It is tasked with addressing Crimes Against Children and Human Trafficking threats in coordination and cooperation with its local and state partners. I was previously employee as a police officer for Livonia Police Department for eleven years. During my previous employment, I was assigned and investigated numerous criminal cases including investigations involving child victims. As part of my employment, I have received training in and been involved in investigations regarding human trafficking, exploitation of children, drug trafficking, money laundering, threats, financial crimes, crimes involving gang related activities, child pornography and other violations of federal law. I have been involved with several investigations regarding child pornography and the

1

exploitation of children through the internet. I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.

2. This affidavit is made in support of an application for a criminal complaint and arrest warrant for Ericka Leigh Stadnick for violations of 18 U.S.C. § 2251(a), relating to sexual exploitation of children, 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(a)(5), relating to distribution and possession of child pornography on March 31, 2024.

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information made available to me by other law enforcement professionals. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested complaint and arrest warrant.

4. On October 16, 2025, Special Agent (SA) Justin Thompson and SA Sean Thomas went to an address in Oxford, Michigan, to speak with Stadnick based off information received that Stadnick had engaged in the exploitation of children. SA Thompson and SA Thomas interviewed Stadnick. Stadnick admitted that within

2

the past year, a male she met online, known to her as "Bruce", came to her residence in Oxford, Michigan on three occasions and they had sexual intercourse. On two of the occasions with Bruce, a three-year-old (MV-1) was lying on her bed, Stadnick removed the MV-1's diaper, exposing MV-1's vagina, at Bruce's request, while they had sexual intercourse on the bed, next to the naked child. On the third occasion, Bruce came to her residence unannounced, her and MV-1 and another minor, MV-2, a nine-year-old, were located within her living room. Bruce walked in, told the children to get undressed and proceeded to have intercourse with Stadnick in the living room of their residence. Stadnick is aware that Bruce rubbed MV-2's vagina on one occasion but does not believe there was any additional sexual contact between Bruce and these minor children.

5. In an addition to the sexual interactions in person, Stadnick produced three CSAM videos containing MV-1 that she sent to Bruce through Facebook. Stadnick utilized her cell phone to produce the videos she sent Bruce. Stadnick explained that two of the videos she produced, she simulated performing oral sex on MV-1. Stadnick stated the third video was of her rubbing MV-1's vagina. Stadnick explained the videos were created at Bruce's request. Stadnick believes Bruce produced one video of him rubbing MV-2's vagina.

3

6. Stadnick provided consent to search her Google Pixel Cell Phone and the passcode. A preview of the phone identified a messaging application with a text conversation with the display name "Bruce." Stadnick's display name on the application was "Ericka Stadnick" and the username was "@supperdog**." The text conversation between Stadnick and Bruce through the messaging application occurred between March 25, 2024, and April 20, 2025. Within the conversation, CSAM files were identified that were sent from Stadnick to Bruce. One CSAM image sent by Stadnick to Bruce through the messaging application, depicts a pre-pubescent female's vagina. Prior to the CSAM image being sent, Stadnick explained she was going to make Bruce a video. After the image was sent, Stadnick stated "I am going to send on Facebook but then delete." A 29 second CSAM video was sent from Stadnick to Bruce. The CSAM video shows an individual matching the description of Stadnick digitally penetrating a pre-pubescent female's vagina and subsequently performing oral sex on the pre-pubescent female. Prior to the CSAM video being sent, Bruce asks Stadnick if she keeps her videos. Stadnick responds that she keeps some of them. Bruce asks, "Like you licking (MV-1)?" Stadnick subsequently send the CSAM video and states "There's that one." Within the conversation Bruce sent multiple CSAM files to Stadnick including one image matching the description of MV-2. Within the image, an adult hand is touching the

MV-2's vagina who is lying down. Near the bottom of the frame is an exposed male penis. Prior to the CSAM image being sent, Bruce stated "Btw i took this pic." After the image was sent, Bruce stated "She's looking at my cock very intently." Stadnick then responds, "I love it." Based on the timestamp within the messaging application, the previously described CSAM images were sent on March 31, 2024.

7. Stadnick utilized the internet to send these messages and I also believe that her phone was manufactured outside the state of Michigan.

8. Based on the aforementioned facts, there is probable cause to believe that Ericka Leigh Stadnick committed violations of 18 U.S.C. § 2422, relating to coercion and enticement to engage in sexual activity, 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(a)(5), relating to receipt, distribution, and possession of child pornography on March 31, 2024.

Justin M. Thompson
Special Agent

Sworn to before me and signed in my presence
and/or by reliable electronic means on _____October 17, 2025_____

Kimberly Altman
United States Magistrate Judge